[605 NYS2d 1022]

In the Matter of BRUCE S. KIRBY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 1993

### APPEARANCES OF COUNSEL

*James K. Dady,* Buffalo, for respondent.

*Gerard M. LaRusso,* Buffalo, for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on

February 12, 1980 and has maintained an office for the practice of law in Buffalo, New York. Petitioner brought this proceeding against respondent alleging two charges of professional misconduct. The allegations of the petition, admitted by respondent, establish that respondent has, during the calendar year 1992, maintained only one bank account for his personal and office use and client trust funds and has used only his check register as the basis for "reconciliation of his clients' funds" and, further, that, on at least one occasion, his account was overdrawn, one check issued for his personal benefit having been returned for insufficient funds.

The petition also alleges and respondent admits that respondent received $1,897.28 of his client's funds to pay for disbursements to be made in connection with the sale of his client's real property. After making expenditures of $430 for an instrument survey and title search and retaining $350 for his fee, leaving a balance of $1,117.28, respondent deposited only $800 into his trust account, thereby converting $317.28 of his client's money. Further, a check issued by respondent to the City Treasurer for a water bill was returned for insufficient funds. Respondent admits that he knew that there were insufficient funds in his account when he issued the check but states that he was relying upon his client to pay him for the disbursements so that he could make a deposit before the check was presented for payment.

We conclude that respondent violated the following Disciplinary Rules: Code of Professional Responsibility DR 9-102 (A) and (B) (22 NYCRR 1200.46 [a], [b]) in commingling and converting clients' funds and failing to maintain separate accounts for his trust funds and personal funds; and DR 9-102 (C) and (D) (22 NYCRR 1200.46 [c], [d]) in failing to maintain true and correct records of clients' fiduciary accounts.

In mitigation we take into account that respondent promptly rectified the shortage in his account and that neither his client nor the purchaser of his client's property suffered any loss. Nevertheless, we view respondent's actions in commingling and converting his client's funds as serious and we determine that respondent should be suspended for a period of one year and until further order of this Court.

PINE, J. P., BALIO, LAWTON, BOOMER and DAVIS, JJ., concur.

Order of suspension entered.