[619 NYS2d 467]

In the Matter of WILLIAM J. MASTINE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 16, 1994

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Ronald S. Carr,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on February 20, 1974, and maintains an office in Syracuse. The

Grievance Committee's petition charges him with commingling and conversion of client funds and with failing to maintain a special trust account. Respondent in his answer admits the charges and sets forth mitigating circumstances.

The petition alleges, and respondent admits that the Grievance Committee was notified by the Lawyers' Fund for Client Protection, pursuant to 22 NYCRR 1300.1 (g), that respondent's check, issued against the trust account of respondent for $4,000 to the Internal Revenue Service in partial payment of several judgments against him, was returned for insufficient funds. Respondent also admits that he used his trust account as his personal account and as an office operating account because a restraining order was placed on his personal account by the Internal Revenue Service; that, between June 1993 and November 1993, he failed to preserve and identify client funds in that account; and that he commingled and converted client funds.

We conclude that respondent has violated the following Disciplinary Rules of the Lawyer's Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7])—by engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—by failing to preserve and maintain client funds; and

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—by failing to maintain a special trust account.

We have considered the mitigating circumstances presented by respondent, including his prior years of service as an Assistant District Attorney, and also note that his misconduct did not result in harm to any of his clients. Accordingly, respondent should be suspended for one year and until further order of this Court.

DENMAN, P. J., GREEN, PINE, FALLON and WESLEY, JJ., concur.

Order of suspension entered.