· [633 NYS2d 899]

In the Matter of MARK M. JASEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 1995

#### APPEARANCES OF COUNSEL

*Vincent L. Scarsella,* Buffalo, for petitioner.
*Philip H. Magner, Jr.,* Buffalo, for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice law by this Court on February 18, 1976 and maintains an office for the practice of law in Buffalo.

Petitioner filed a petition charging respondent with acts of professional misconduct arising from his representation of an estate and maintenance of his trust account. Respondent admitted the material allegations of the petition and sought a hearing on matters in mitigation. A Referee was appointed to conduct a hearing and make findings of fact. Petitioner moves to confirm and respondent cross-moves to confirm in part the report submitted by the Referee.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling his own funds with those of his client;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain, preserve and identify client funds in his trust account at all times, thereby converting funds to uses other than for his client; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—making a trust account withdrawal by a check payable to "cash" rather than to a named payee.

We confirm the findings of the Referee on matters in mitigation submitted by respondent. In determining an appropriate sanction, we have considered that respondent rectified the shortage in his trust account and that no client sustained a monetary loss as a result of respondent's misconduct. Further, respondent admitted that he has a severe alcohol abuse problem and he has taken positive steps to resolve that problem. He is an active member of Alcoholics Anonymous, he voluntarily admitted himself to Bry-Lin Hospital for two weeks as an in-patient in an alcohol treatment program, and he is involved in the Erie County Bar Association's program for lawyers assisting lawyers with alcohol abuse problems. We have also considered respondent's previously unblemished record and respondent's cooperation with petitioner during its investigation. "Nevertheless, we view respondent's actions in commingling and converting his client's funds as serious and we determine that respondent should be suspended for a period of one year and until further order of this Court" *(Matter*

*of Kirby,* 194 AD2d 83, 84; *see also, Matter of Mastine,* 205 AD2d 299, 300).

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.