[639 NYS2d 242]

In the Matter of NICHOLAS CAPOBIANCO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 8, 1996

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Daniel Drake* of counsel), for petitioner.

*Lawrence J. Andolina* of counsel, Rochester *(Harris, Beach & Wilcox),* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 7, 1986 and maintains an office in Rochester. The Grievance Committee filed a petition charging respondent with violations of the Code of Professional Responsibility. Respondent's answer denied material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. The Referee filed a report that petitioner moves to confirm and respondent moves to reject.

The Referee found that respondent consistently failed to preserve and identify client funds in his attorney-client trust account, commingled his personal funds with his client funds in the trust account, used the trust account to pay for personal and business expenses, failed to maintain a running balance of his trust account activity and failed to maintain individual client ledger sheets reconciled with his trust account obligations.

We confirm the report of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8])— engaging in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law; and

DR 9-102 (A), (B) and (C) (22 NYCRR 1200.46 [a], [b], [c])— failing to maintain and preserve client funds and to keep records related to client funds entrusted to him.

We have considered the matters in mitigation, including the fact that no client sustained a financial loss as a result of respondent's misconduct. Therefore, we conclude that respondent should be suspended from practice for one year and until further order of the Court.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of suspension entered.