[641 NYS2d 778]

In the Matter of PHILIP R. ROTHSCHILD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 19, 1996

## APPEARANCES OF COUNSEL

*Gerard M. La Russo,* Buffalo *(Vincent Scarsella* of counsel), for petitioner.

*Charles H. Dougherty,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on June 29, 1989, and is employed as an associate with a law firm in Akron, New York. The Grievance Committee filed a petition alleging violations of the Code of Professional Responsibility.

Respondent's answer denied material allegations of the petition and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. The Referee filed a report that petitioner now moves to confirm. Respondent did not oppose the motion but requested that the matter be returned to petitioner for further consideration.

The Referee found that respondent was retained to defend a client in a civil action. Respondent negotiated a settlement of the matter and received funds from that client to be applied to the settlement in installment payments. Instead of depositing those funds in the trust account of the law firm that employed him, respondent opened a trust account and an operating account in his own name. Respondent converted a portion of the funds during the period when the installment payments became due and directed that two checks be issued from his law firm's trust account to complete the payments owed pursuant to the settlement agreement.

We confirm the findings of fact contained in the Referee's report and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law; and

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain, preserve and identify client funds.

In mitigation, we have considered the Referee's findings that respondent had no experience in managing either a trust account or an operating account; that respondent did not benefit from the misconduct; and that respondent and his law firm have made all payments due pursuant to the settlement agreement. We also note that respondent has been active in providing *pro bono* services for poor and elderly clients.

We conclude that respondent should be suspended for six months and until further order of the Court (*see, Matter of Capobianco*, 219 AD2d 179; *Matter of Mastine*, 205 AD2d 299; *Matter of Kirby*, 194 AD2d 83).

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of suspension entered.