[643 NYS2d 816]

In the Matter of DON BERGEVIN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 31, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Vincent L. Scarsella* of counsel), for petitioner.

*Paul G. Cleary* of counsel, Clarence *(Elsaesser, O'Connell & Cleary),* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1976, and maintains an office in Buffalo. The Grievance Committee has filed a petition alleging multiple

violations of the Code of Professional Responsibility.

The petition alleges that respondent neglected a client's personal injury action, resulting in its dismissal, misrepresented to the client that it had been settled, and paid the client's share of the recovery using other clients' funds that he deposited into his general operating account and his trust account. The petition also alleges that respondent commingled and converted the funds of two additional clients. Respondent in his answer admits the material allegations of the petition and sets forth matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with his own funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain, preserve and identify client funds;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to a client, as requested by the client, funds in his possession that the client was entitled to receive.

We have considered the matters in mitigation set forth by respondent, including the unexpected loss of his office due to the bankruptcy of the insurance company that employed him as counsel, and we note his prior unblemished record and that he has paid all funds owed to his clients. We therefore conclude that respondent should be suspended for one year and until further order of the Court (see, Matter of Jasen, 218 AD2d 86; Matter of Mastine, 205 AD2d 299; Matter of Kirby, 194 AD2d 83).

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of suspension entered.