[670 NYS2d 647]

In the Matter of NICHOLAS CAPOBIANCO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 13, 1998

### APPEARANCES OF COUNSEL

*Nicholas Capobianco,* Winter Park, Florida, respondent *pro se.*

*Daniel A. Drake,* Rochester, for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986, and formerly maintained an office in Rochester. By order entered March 8, 1996 (219 AD2d 179), re-

spondent was suspended for a period of one year and until the further order of the Court. Thereafter, respondent relocated to the State of Florida, where he currently resides.

In May 1997, petitioner filed a petition charging respondent with professional misconduct that occurred before his suspension and with failure to comply with the rules of this Court governing the conduct of suspended attorneys. Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing.

Respondent failed to appear at the hearing. The Referee made findings of fact based in part upon facts deemed admitted when respondent failed to respond to petitioner's notice to admit. The Referee filed a report that petitioner moves to confirm. Respondent did not respond to the motion and failed to appear before this Court.

The Referee found that respondent, before his suspension, neglected five legal matters entrusted to him; failed thereafter to notify several clients that he had been suspended; failed to file with this Court an affidavit of compliance with the order of suspension; and failed to return to clients unearned legal fees and funds advanced for costs and disbursements.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—upon withdrawing from employment, failing to refund promptly any part of a fee paid in advance;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them; and

DR 9-102 (D) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts.

In determining an appropriate sanction, we note that respondent was previously suspended for commingling client

funds and failing to maintain and preserve client funds and that, although he filed an answer to the instant petition, he failed to respond to petitioner's notice to admit or to appear before the Referee or this Court. The misconduct of respondent, including his neglect of client matters, demonstrates his complete indifference to the needs of his clients and his lack of understanding of a lawyer's ethical obligations to clients. Accordingly, we conclude that respondent should be disbarred (*see, Matter of Stenstrom*, 194 AD2d 277). We further direct that respondent make restitution in the amounts found by the Referee, with the exception of the finding regarding the restitution for which a civil judgment has already been entered.

DENMAN, P. J., GREEN, LAWTON, CALLAHAN and FALLON, JJ., concur.

Order of disbarment and restitution entered.