[4 NYS3d 578]

In the Matter of PHILIP R. ROTHSCHILD, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 27, 2015

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.
*Philip R. Rothschild*, pro se for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 29, 1989. In August 2011, a petition was filed alleging that respondent had engaged in illegal conduct that adversely reflected on his fitness as a lawyer. Respondent filed an answer wherein he admitted that, in 2009, he engaged in three separate instances of illegal conduct that resulted in his conviction, in Supreme Court, Erie County, of two counts of criminal trespass in the second degree (Penal Law § 140.15), one count of criminal possession of a controlled substance in the seventh degree (§ 220.03), and one count of forcible touching (§ 130.52). In October 2010, the court sentenced respondent to probation for a term of six years, with conditions including sex offender treatment. In response to the charges of professional misconduct, respondent stated in mitigation that the conduct that gave rise to the convictions occurred while he was suffering from alcohol and substance abuse. While the petition was pending before this Court, the Grievance Committee filed proof that, on July 20, 2012, respondent entered a plea of guilty in Supreme Court to two counts of petit larceny in violation of Penal Law § 155.25, a class A misdemeanor. During the plea colloquy, respondent admitted that he stole funds from a family member. In September 2012, the court sentenced respondent to incarceration for a period of 60 days, and to probation for a term of three years, with conditions including substance abuse and sex offender treatment. By order entered September 12, 2012 (98 AD3d 1322 [2012]), this Court suspended respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f), and directed him to show cause on December 4, 2012, why a final order of discipline should not be entered based upon his conviction of petit larceny. Respondent was personally served with the show cause order on September 19, 2012. He subsequently requested, however, that this Court adjourn the

return date of the show cause order because Supreme Court had resentenced him to a period of incarceration for violating the terms of his probation, and his scheduled release date was December 30, 2014. Although this Court adjourned the return date of the show cause order to March 3, 2015, and further directed respondent to file materials in mitigation no later than February 10, 2015, respondent failed to file any materials in mitigation and failed to appear before this Court in response to the show cause order.

With respect to the charges of misconduct in the petition, we conclude that respondent has violated the following Rules of Professional Conduct:

rule 8.4 (b) (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, deceit or misrepresentation;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered that respondent has a disciplinary history that includes a six-month suspension imposed by this Court in 1996 for improperly handling settlement funds received on behalf of a client (*Matter of Rothschild*, 220 AD2d 77 [1996]). In addition, we have considered that respondent has engaged in an extended period of serious misconduct evidencing a disregard of the high standards imposed upon members of the bar, and that his failure to appear before this Court or otherwise respond to the aforementioned show cause order demonstrates a total disregard for his fate as an attorney. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

SMITH, J.P., CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of disbarment entered.