In the Matter of BERNARD M. STILLMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 22, 1987

APPEARANCES OF COUNSEL

*David E. Brennan (Maynard C. Schaus* of counsel), for petitioner.

*Seymore Zimbel* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York by this court on July 11, 1956. He is charged by the Grievance Committee of the Eighth Judicial District in two separate petitions with multiple violations of the disciplinary rules of the Code of Professional Responsibility, specifically, DR 1-102 (A) (1), violating a disciplinary rule; DR 1-102 (A) (4), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; DR 1-102 (A) (6), engaging in conduct that adversely reflects on his fitness to practice law; DR 6-101 (A) (3), neglecting a legal matter entrusted to him; DR 9-102 (A), failure to deposit clients' funds in an identifiable bank account; DR 9-102 (B) (1), failure to notify a client promptly of the receipt of his funds; DR 9-102 (B) (2), failure to identify property of a client promptly upon receipt; DR 9-102 (B) (3), failure to maintain records and render appropriate accounts of a client's funds; and DR 9-102 (B) (4), failure promptly to pay funds owed to a client when requested by the client. Those charges are based on separate complaints filed by three former clients of respondent: Ida L. McFarland, Loretta Evans, and Loretta Moore. Respondent denied the allegations of the petitions and alleged in mitigation that he had remitted his clients' funds and that he was ill at the time of the incidents alleged. We referred the matters to a Referee to hear and report, and the Referee found respondent to have committed all of the charged violations. We adopt the findings of the Referee and find respondent guilty of the misconduct charged in the petitions.

### *Complaint of Ida L. McFarland*

Ida L. McFarland retained respondent to settle her father's estate, which contained, among other property, funds in an employees' credit union account and proceeds of a group life insurance policy. In February 1982, respondent obtained a check payable to the estate in the amount of $7,377.07 representing the total on deposit in the credit union and the life

insurance proceeds. Respondent endorsed the check and deposited it in his business account at the Liberty National Bank and Trust Company. Subsequently, respondent drew checks on that account to pay personal debts and allowed the funds on deposit in this account to drop below the amount owing to the estate. Additionally, despite requests by Ida McFarland, respondent failed to pay the funeral bills and property taxes on the estate's real property and failed to have the complainant appointed administratrix so that she could do so. In November 1983, a grievance was filed with the Erie County Bar Association. In February 1984, respondent sent complainant a check in the amount of $7,377.07 drawn on an account at Manufacturers Hanover. Respondent paid no interest on the funds and Ida McFarland was required to pay interest and late charges on the funeral bill and real property taxes. McFarland was also required to obtain letters of administration and settle her father's estate herself.

We find that respondent received funds properly belonging to a client, deposited those funds in a general business account without identifying them as client's funds, used that account to pay his personal debts, and allowed the account balance to fall below the amount owed to the estate.

## Complaint of Loretta Evans

In 1975, Loretta Evans retained respondent to handle legal matters connected with the estate of her mother, Catherine Verdi. The only estate assets were real property and personalty passing by operation of law to the decedent's surviving husband, Nicholas Verdi. Respondent did not file a New York State estate tax return until May 1979. On September 6, 1979, the New York State Estate Tax Attorney obtained a taxing order on the estate of Catherine in the amount of $1,390. On September 24, 1979, respondent, without objection from tax authorities, obtained an order from Surrogate's Court which determined that the estate was exempt from payment of tax. In May 1979, in the interim, Loretta Evans retained respondent to represent Nicholas in the sale of his real property. The sale was closed on October 15, 1979, after respondent had obtained the determination that Catherine's estate was exempt from taxation. On October 16, 1979, respondent transmitted all but $2,000 of the proceeds of the sale to Nicholas, who was then living in Florida. Respondent advised Nicholas that he had placed the $2,000 "in escrow" to cover a potential

tax liability on the estate of Catherine. After the death of her father in May 1981, Loretta Evans repeatedly inquired of respondent as to the whereabouts of the $2,000 and the status of the estate tax matter. During that time, respondent kept the client's funds without identifying them as such in accounts which he used indiscriminately to pay personal and business debts. Only after Evans filed a complaint with the Erie County Bar Association in April 1985 did respondent remit the $2,000 to the estate of Nicholas Verdi.

We find respondent guilty of retaining clients' funds without justification, depositing those funds without identifying them as clients' funds in an account from which he paid business and personal debts, and retaining those funds, despite repeated requests to remit them, for four years after the death of the client.

### Complaint of Loretta Moore

In 1980, respondent was retained to prosecute a personal injury action on behalf of Loretta Moore's 11-year-old daughter. In August 1983, respondent negotiated a $35,000 settlement on behalf of the infant plaintiff. In accordance with the infant settlement agreement approved by Supreme Court, the defendant's insurer drew two checks: the first for $11,616.67 payable to respondent for his legal fees; the second for $23,233.33 payable jointly to Loretta Moore, the infant's mother, and the Guardian Clerk of Surrogate's Court, in trust for the infant plaintiff. The order approving the settlement required the $23,000 check to be deposited in an interest-bearing account.

Respondent cashed the check payable to him, but, despite the repeated inquiries of Loretta Moore with respect to the settlement proceeds and the status of the guardianship proceeding, allowed the $23,000 check to remain in his files from September 1983 until July 1986. During that time, respondent also failed to complete and file a petition to appoint the mother as guardian. The check was deposited by respondent only after this complaint had been filed, the insurer had transmitted two replacement checks, and counsel for the Grievance Committee had obtained letters of guardianship for the mother. As a result of respondent's failure to deposit the check, the infant sustained lost interest in the amount of $7,340.57. We find respondent guilty of gross neglect in the handling of a legal matter entrusted to him and engaging in conduct which reflects adversely on his fitness to practice law.

In accordance with the foregoing findings, we determine that respondent is guilty of professional misconduct as charged in the petitions and that he should be disbarred.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of disbarment entered.