In the Matter of PHILIP A. GIANGRANDE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 9, 1992

## APPEARANCES OF COUNSEL

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*Brennan, Fabriani & Novenstern (Timothy J. Brennan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with seven allegations of professional misconduct. The Special Referee sustained all seven charges against the respondent. The petitioner moves to confirm the Special Referee's report while the respondent cross-moves to confirm in part and to disaffirm in part.

Charge one alleges that the respondent neglected a legal matter entrusted to him after he had been retained to represent Mr. and Mrs. Thomas Roth regarding property damage emanating from the allegedly negligent construction of a sanitary sewerage drain by the Town of Mount Pleasant. The respondent commenced an action on behalf of the Roths against the Town of Mount Pleasant and G.A.F. Construction, Inc., on or about August 24, 1984. The Town of Mount Pleasant moved for summary judgment dismissing the complaint insofar as it is asserted against it on December 3, 1984, owing to the respondent's failure to serve the summons and complaint within one year and 90 days from the time the cause of action accrued. The respondent did not submit any opposing papers on behalf of the Roths.

By order dated January 9, 1985, the motion was granted and the cross claim of the defendant G.A.F. Construction, Inc., against the Town of Mount Pleasant was converted into a third-party action against the Town. That order was affirmed by this court on May 12, 1986 *(see, Roth v Town of Mount Pleasant,* 120 AD2d 580).

Thereafter, the respondent failed to comply with a demand that he file a note of issue within 90 days of December 8, 1988, and the Town moved to dismiss the action pursuant to CPLR 3216. The motion was granted without opposition. A similar motion on behalf of the defendant G.A.F. Construction, Inc., was granted without opposition by order dated May 16, 1989.

Charge two alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law in that he failed to advise the Roths that their case was dismissed.

The respondent failed to respond to the Roths' request for information regarding the case and failed to turn over the file to new counsel despite repeated requests.

Charge three alleges that the respondent neglected a legal matter entrusted to him. The respondent was retained by Frank Ferraro, Jr., in or about October 1986 to prosecute an action against Hory Chevrolet and Chevrolet Motors Division of General Motors based on the Lemon Law. In or about June 1987 the respondent also undertook to defend Frank Ferraro, Jr., in a replevin action commenced by General Motors Acceptance Corporation based on his failure to continue payments on his car loan.

The respondent failed to comply with an order of the Supreme Court, Westchester County, directing that a note of issue be filed against Hory Chevrolet by August 19, 1987. In or about November 1989 Hory Chevrolet moved to dismiss that action owing to the plaintiff's failure to file a note of issue.

By order dated March 2, 1990, the motion to dismiss was denied and the plaintiff was directed to file a note of issue within 90 days and to produce his vehicle for inspection on or before April 24, 1990. The respondent failed to file the note of issue on behalf of his client.

By order dated June 26, 1990, the Supreme Court directed that the Lemon Law action and the replevin action be tried jointly. Both defendants in the Lemon Law action thereafter moved to dismiss that action due to the plaintiff's failure to file a note of issue as directed. By order dated October 1, 1990, the Lemon Law action was dismissed with prejudice and judgment granted to the General Motors Acceptance Corporation in the replevin action, permitting it to sell the vehicle in question.

Charge four alleges that the respondent engaged in conduct which adversely reflects upon his fitness to practice law. After Frank Ferraro, Jr., moved to Florida in or about 1988, the respondent communicated almost exclusively with Frank Ferraro, Sr., regarding the cases he was handling. The respondent thereafter moved his office and failed to advise the father of his new address. When Frank Ferraro, Sr., attempted to contact the respondent with respect to his son's legal matters, he was advised that the respondent's business telephone had been disconnected. The respondent failed to respond to letters sent by the father on his son's behalf. Under the circumstances, Frank Ferraro, Sr., acted on behalf of his son to

resolve the replevin action. The respondent failed to advise that the Lemon Law case had been dismissed due to his failure to file a note of issue.

Charge five alleges that the respondent was guilty of neglecting a legal matter entrusted to him and engaged in conduct adversely reflecting on his fitness to practice law. The respondent represented William and Sarah Jeffcoat in the sale of their home to William Nicholson. The sellers, who were not present at the closing, had given the respondent general powers of attorney.

At the closing, the respondent executed an agreement providing that $7,000 of the funds due to the sellers would be held in escrow by the bank's attorney until a certificate of occupancy for a deck on the side of the house was obtained. The agreement gave the sellers 90 days within which to comply. Notwithstanding the respondent's assurance to the purchaser and his attorney that he would have no trouble obtaining a certificate of occupancy, the respondent failed to obtain one.

Charge six alleges that the respondent was guilty of neglecting a legal matter entrusted to him and engaging in conduct which adversely reflects on his fitness to practice law. Pursuant to a trust agreement dated August 6, 1985, between Joan Rizzo Wheeler as grantor and the respondent as trustee, the respondent was entrusted with funds to be held for the benefit of the grantor's two minor children, Carl V. Rizzo and Denise M. Rizzo. Paragraph 9 of the trust agreement required the respondent to file an annual accounting with the grantor setting forth the principal balance, income, and expenses of the trust. Between August 1985 and December 1989, the respondent did not render accountings to the grantor on an annual basis as required by the trust agreement.

Charge seven alleges that the respondent neglected a legal matter entrusted to him and engaged in conduct which adversely reflects on his fitness to practice law. The respondent was retained to represent Aaron Miller and Howard Toplowsky in or about 1982 in connection with a false arrest case against the City of Yonkers. The respondent filed a notice of claim in or about March 1982 and a hearing was held pursuant to General Municipal Law § 50-h in or about June 1982. The action was commenced by service of a summons and complaint on or about April 5, 1983. In or about May 1983, the defendant served an answer along with a notice to take

deposition by oral examination, a demand for a verified bill of particulars, and other discovery demands.

The respondent served the bill of particulars on behalf of his clients in January 1984 and depositions of the plaintiffs were taken in June 1984. In February 1987 the respondent served a notice to depose the police officer involved in this matter. Between February 1987 and October 1990 the respondent failed to make any motions to compel the police officer's appearance and conclude the discovery process.

Based upon the evidence adduced at the hearing, we find the respondent guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee, which sustained all the charges of misconduct, is granted. The respondent does not specifically delineate in his cross motion which portion of the Special Referee's report he wishes the court to confirm and which portion he seeks the court to disaffirm. The cross motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied.

In determining an appropriate measure of discipline, we have considered the mitigating testimony offered by the respondent to the effect that he suffers from "a personality disorder" manifesting itself in an inability to deal with confrontation and a denial of problems. The respondent's psychotherapist recommends that the respondent continue in therapy and that his work be subject to some external review. We have also considered that the respondent was previously sanctioned by the Grievance Committee for neglect on four prior occasions. The respondent was issued a letter of admonition and a letter of caution in 1986 and two letters of admonition in 1987.

In conclusion, the respondent is guilty of serious professional misconduct. In view of the chronic neglect exhibited by the respondent in a wide variety of cases, the respondent is disbarred forthwith. We note that any application by the respondent for reinstatement should include a favorable report from the respondent's psychotherapist concerning his progress.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in

part and disaffirm in part the report of the Special Referee is granted only to the extent that the report is confirmed and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Philip A. Giangrande is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Philip A. Giangrande is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.