[605 NYS2d 603]

In the Matter of DUANE M. STENSTROM, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 29, 1993

### APPEARANCES OF COUNSEL

*Vincent Scarsella,* Buffalo, for petitioner.

*Richard G. Collins,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court in 1988. Since October of 1988, he has maintained an office in Jamestown, New York, under the name of Stenstrom

Legal Services. Petitioner, the Grievance Committee of the Eighth Judicial District, commenced this proceeding in April of 1992. The petition sets forth 16 charges, each alleging multiple violations of Disciplinary Rules of the Code of Professional Responsibility. Petitioner subsequently withdrew the fifteenth charge. After a hearing, the Referee found that petitioner failed to sustain its burden of proving the fourteenth charge of the petition and the seventeenth charge in a supplemental petition, but that petitioner had proved the remaining charges. Petitioner now moves to confirm the Referee's report.

Respondent does not challenge the Referee's factual findings, but asks this Court to consider the Referee's findings of mitigating circumstances. We confirm the factual findings made by the Referee on charges "first" through "thirteenth" and the "sixteenth" charge.

Those facts reveal that, between October 1990 and December 1991, respondent seriously neglected 12 legal matters that were entrusted to him. During that period, respondent delegated to nonlawyer employees virtually all responsibility for client contact, the preparation of legal documents and the management of office finances. Respondent frequently remained at his apartment during business hours and, because for a portion of that time respondent's phone was disconnected, clients were unable to communicate with him and office employees delivered files and communications to the apartment. Nonlawyer employees routinely misrepresented to clients the status of their cases and routinely advised clients on legal matters, on some occasions providing inaccurate advice that prejudiced or damaged the clients. Respondent did not return client phone messages. He failed to perform legal work on numerous files and failed to make necessary appearances on behalf of a client. As a consequence, a bankruptcy petition was dismissed because respondent failed to file a payment plan timely, a client's driver's license was suspended, a client's vehicle was repossessed, and the court directed a client to pay temporary and permanent child support. Respondent's conduct constituted persistent neglect of legal matters in violation of DR 6-101 (A) (3) of the Code of Professional Responsibility (22 NYCRR 1200.30 [a] [3]); failure to carry out a contract of employment entered into with a client, in violation of DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]); failure to exercise supervisory authority over nonlawyer employees in their communication with clients in violation of DR

1-104 (A) (2) (22 NYCRR 1200.5 [a] [2]); and, in the four specified instances described above, conduct that intentionally prejudiced or damaged a client in violation of DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]). Additionally, respondent engaged in other conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) by failing to comply with the United States District Court's standing order on RICO causes of action and withdrawing his client's RICO cause of action without the knowledge or consent of his clients.

In eight matters, clients either discharged respondent, engaged substitute counsel, or demanded a return of payments made to respondent for disbursements or unearned fees. Respondent either refused to refund those amounts or failed to return the appropriate sum to the clients in a timely manner, thereby violating DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3]) or DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]), or both.

When respondent opened his law office in Jamestown, he established an operating office account and a special account for client funds. Nonlawyer employees were given signatory power with respect to the client trust account in violation of DR 9-102 (E) (22 NYCRR 1200.46 [e]). One nonlawyer employee, respondent's ex-wife, wrote checks payable to cash from that trust account and used the proceeds to pay for business or personal expenses of herself and respondent, who lived together until September of 1991. Respondent failed to supervise the nonlawyer employee's use of the trust account or to reconcile that account on a regular basis. Under the circumstances, respondent failed to supervise properly the conduct of a nonlawyer employee in violation of DR 1-104 (A) (2) (22 NYCRR 1200.5 [a] [2]). Neither respondent's ex-wife nor respondent was paid a salary by the law practice. Instead, the office operating account was routinely used for the payment of their personal expenses. Monies remitted by clients were routinely deposited into the operating account and commingled with funds used for personal expenses in violation of DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46 [a], [b] [1]). Further, respondent converted funds in violation of DR 9-102.

In mitigation we have considered the adverse emotional and financial circumstances suffered by respondent during portions of the time period in question. Those circumstances do not excuse respondent's misconduct. The record reveals a pattern of misconduct, which began when respondent opened his law practice, well before the claimed mitigating circumstances,

and which continued irrespective of the influence of those circumstances. Respondent's misconduct reflects a serious lack of understanding of a lawyer's ethical responsibilities to clients, an abdication of his responsibility to manage his law practice, and a callous indifference to the legal needs of his clients and to the consequences suffered by his clients as a result of that misconduct. Further, respondent's belated attempt to correct office deficiencies does not negate our determination that respondent lacks the capacity to practice law in an ethical and professional manner. Accordingly, we conclude that respondent's pervasive and serious misconduct warrants disbarment (see, Matter of Giangrande, 177 AD2d 141; Matter of Stillman, 128 AD2d 243; Matter of Hunter, 120 AD2d 214).

PINE, BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of disbarment entered.