[667 NYS2d 967]

In the Matter of TIMOTHY L. FOLEY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 4, 1998

**APPEARANCES OF COUNSEL**

*Joel L. Daniels*, Buffalo, for respondent.
*Margaret C. Callanan*, Buffalo, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and formerly maintained an office for the

practice of law in Buffalo. By order entered March 17, 1995 (209 AD2d 24), respondent was suspended for a period of 91 days and until the further order of the Court as reciprocal discipline imposed pursuant to 22 NYCRR 1022.22 (c), for misconduct committed in the State of Florida. Thereafter, petitioner filed a petition charging respondent with four counts of professional misconduct, including conversion, commingling and neglect.

Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, petitioner moved for an order punishing respondent for criminal contempt pursuant to Judiciary Law § 90 (2) (b) and § 750 (A) (3), alleging that respondent had violated the March 1995 order of this Court by engaging in the practice of law while he was under suspension. Respondent filed an answer denying the allegations in the motion.

Petitioner filed a supplemental motion for contempt alleging that, with notice of the pending criminal contempt motion, respondent accepted retainer fees and continued to hold himself out as an attorney and practice law. Respondent filed an answer denying the allegations, and the motions were assigned to a Referee.

The parties subsequently stipulated to facts supporting the disciplinary violations and the charge of criminal contempt of court. A hearing was held on the issue of mitigation. The Referee adopted the stipulated facts as findings and declined to find any mitigating factors relevant to punishment, concluding that respondent's testimony on many points was not credible.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash rather than to a named payee.

Additionally, we conclude that the conduct of respondent in continuing to practice law after he was personally served with this Court's order of suspension constitutes criminal contempt of court (*see*, Judiciary Law § 750 [A] [3]).

Respondent was previously censured by this Court for neglecting client matters. He is guilty of serious misconduct, including the conversion of client funds and the flagrant violation of an order of this Court. Accordingly, we conclude that he should be disbarred. In view of our determination, we decline to impose additional punishment for respondent's criminal contempt of court.

PINE, J. P., LAWTON, HAYES, BALIO and BOEHM, JJ., concur.

Order of disbarment entered.