[726 NYS2d 538]

In the Matter of WILLIAM F. CARRIGAN, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 2001

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti,* Syracuse, for petitioner.
*Emil Rossi,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 28, 1978, and formerly maintained an office for the practice of law in Syracuse. The Grievance Committee filed a

petition charging respondent with acts of professional misconduct arising from his repeated use of cocaine in violation of a condition of the term of probation that was imposed following his conviction of criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor.

Respondent failed to file an answer or appear in response to the petition, and, by order entered January 20, 1999, this Court suspended respondent and directed him to show cause why a final order of discipline should not be entered. When respondent failed to appear as directed, he was suspended until further order of this Court, based upon his default. Respondent admitted the allegations of the petition in an answer filed on June 20, 2000.

The Grievance Committee filed a supplemental petition alleging that, in violation of this Court's order of suspension, respondent continued to employ and direct the activity of a paralegal; that he failed to close his law office or his attorney trust account; that he issued checks drawn against his attorney trust account; and that he performed legal services on behalf of an estate. In an answer filed in response to the supplemental petition, respondent declined to respond to the charges on the ground that his responses could incriminate him in a pending criminal investigation related to the theft of clients' funds. This Court treated the answer as a denial of the charges, and a Referee was appointed to conduct a hearing.

At the hearing, respondent admitted that he failed to close his law office or his attorney trust account following his suspension and that he issued checks drawn on the trust account made payable to himself. He directed his paralegal to obtain from the executor of an estate a check made payable to the Internal Revenue Service for estate taxes so that respondent could finalize the matter. The check obtained by the paralegal, however, was made payable to respondent. The paralegal obtained respondent's endorsement, exchanged the check for a bank check for an amount less than the amount of the estate taxes, deposited the surplus funds into respondent's attorney trust account and converted the funds by issuing checks made payable to himself. Additionally, the paralegal converted the funds of other clients by forging respondent's endorsement to trust account checks.

The Referee filed a report, which the Grievance Committee now moves to confirm. Respondent has failed to file any papers or personally appear in response to the motion.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately a nonlawyer employee;

DR 1-104 (d) (2) (22 NYCRR 1200.5 [d][2])—failing to take reasonable remedial action to avoid or mitigate the consequences of conduct constituting a violation of the Disciplinary Rules by a nonlawyer employee over whom he has supervisory authority when he knows or should have known of such conduct;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them.

In mitigation, we have considered that the misconduct occurred during a period when respondent was abusing cocaine. Respondent, however, has not demonstrated that he has overcome his addiction to cocaine. By delegating to his paralegal his responsibility to finalize an estate and by failing to supervise the paralegal, which resulted in a loss to the estate of an amount in excess of $80,000, respondent has "abdicat[ed] his responsibility to manage his law practice" (*Matter of Stenstrom*, 194 AD2d 277, 280). Moreover, the conduct of respondent in continuing to operate a law practice after being served with this Court's order of suspension constitutes criminal contempt of court (*see,* Judiciary Law § 750 [A] [3]; *Matter of Foley*, 240 AD2d 64, 66; *see also, Matter of Michalek*, 180 AD2d 67). Finally, the failure of respondent to file any papers or to appear in response to the motion to confirm the Referee's report

evinces the same lack of interest that he has demonstrated from the onset of this proceeding. Accordingly, we conclude that respondent should be disbarred (*see, Matter of Stenstrom, supra*). We direct respondent to make restitution to the Suchon estate, as set forth in the order entered herewith.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of disbarment entered.