[850 NYS2d 727]

In the Matter of ROBERT BARRY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 21, 2007

APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Robert Barry,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 27, 1985. The Grievance Committee filed a petition charging respondent with acts of misconduct, including neglecting client matters and intentionally failing to complete certain contracts of employment with clients. At the time that the petition was filed in this matter, respondent no longer maintained an office for the practice of law. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Respondent failed to appear on the scheduled hearing date, and the hearing proceeded in his absence. The Referee filed a report, which the Grievance Committee moves to confirm. Additionally, the Grievance Committee moved pursuant to 22 NYCRR 1022.20 (e) to suspend respondent pending the disposition of an unrelated investigation for his failure to appear for questioning in response to a notice from the Grievance Committee as well as a subpoena issued by this Court. Respondent failed to respond to the motions or to appear before this Court on the return date thereof. We granted the motion for a suspension by order entered October 31, 2007.

The Referee found that respondent simultaneously represented the sellers and buyers in a real estate transaction without making the required disclosures regarding the potential conflict of interest or obtaining their consent to the representation. Additionally, the Referee found that respondent failed to respond to inquiries made by the buyers, closed his law office without providing the buyers with his new address or telephone number, failed to account to the buyers for funds that the buyers entrusted to respondent for payment of expenses related to the real estate transaction, failed to file or record the deed, as a

result of which the buyers were required to retain another attorney to complete the matter, and failed to refund to the buyers any part of the retainer fee paid to him. The Referee further found that respondent accepted retainer fees in three other matters, failed to complete the work for which he was retained or to refund to the clients the funds entrusted to him for expenses or fees related to the matters and unearned fees and made misrepresentations to the clients regarding the status of their matters. Additionally, the Referee found that respondent issued checks drawn against his attorney trust account for payment of personal expenses, commingled client funds with personal funds, issued trust account checks made payable to cash or to himself and failed to keep required bookkeeping records. Finally, the Referee found that respondent failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional judgment on behalf of the client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved;

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining the consent of the clients to the representation;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to the client or third person in a prompt manner as requested by the client or third person the funds, securities or other properties in his possession that the client or third person is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;

DR 9-102 (d) (4) (22 NYCRR 1200.46 [d] [4])—failing to maintain copies of all statements to clients or other persons showing the disbursement of funds to them or on their behalf; and

DR 9-102 (d) (8) (22 NYCRR 1200.46 [d] [8])—failing to maintain checkbooks and check stubs, bank statements, pre-numbered cancelled checks and duplicate deposit slips.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We decline to adopt the Referee's conclusions that respondent violated the Disciplinary Rules by soliciting professional employ-

ment from prospective clients by in-person contact. Respondent was not charged with that misconduct, and we therefore decline to consider it (*see Matter of Osredkar*, 25 AD3d 199, 201 [2005]).

In determining an appropriate sanction, we have considered respondent's extensive disciplinary history, including a censure imposed by this Court for similar misconduct (*Matter of Barry*, 241 AD2d 53 [1998]). Additionally, we have considered the deliberate failure of respondent to appear for the hearing and his failure to respond to the motions filed by the Grievance Committee or to appear before this Court on the return date thereof. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years and until further order of this Court. Additionally, we direct respondent to pay restitution to his clients in accordance with the order entered herewith.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Final order of suspension entered.