[865 NYS2d 405]

In the Matter of Thomas E. O'Bryan, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, October 3, 2008

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas E. O'Bryan*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office for the practice of law in Camillus. The Grievance Committee filed a petition charging respondent with acts of misconduct. Respondent filed an answer denying material allegations of the petition. The parties thereafter resolved outstanding issues of fact by amending the pleadings, and respondent appeared before this Court and submitted matters in mitigation.

Respondent admits that he neglected client matters, collected fees in domestic relations matters without executing written retainer agreements, failed to participate in fee dispute arbitration and failed to respond in a timely manner to inquiries from the Grievance Committee.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, respondent violated 22 NYCRR part 1400 by failing to provide his clients in domestic relations matters with a statement of client's rights and responsibilities and itemized bills at least every 60 days.

We have considered the matters submitted by respondent in mitigation, including that he has reduced his caseload and

instituted a new billing system. Respondent, however, has previously received letters of caution and a letter of admonition for similar misconduct. Additionally, we note that respondent has not satisfied a fee arbitration award in favor of a client. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of suspension entered.