[885 NYS2d 682]

In the Matter of ROBERT BARRY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 2, 2009

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Robert Barry,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 27, 1985. By order entered October 31, 2007, we suspended respondent during the pendency of a disciplinary investigation based upon his failure to appear for questioning in response to a notice from the Grievance Committee and to comply with a subpoena issued by this Court (*Matter of Barry,* 45 AD3d 1421 [2007]). A final order of discipline was entered in that proceeding on December 21, 2007, suspending respondent for three years and until further order of this Court for misconduct that included misappropriating client funds, making misrepresentations to clients and neglecting client matters (*Matter of Barry,* 47 AD3d 288 [2007]). Although we also directed respondent to pay restitution to his clients (*see id.* at 292), he has not complied with our directive.

The Grievance Committee has filed a petition charging respondent with acts of misconduct that occurred prior to his suspension and with failing to comply with the order of suspen-

sion. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Respondent failed to appear on the scheduled hearing date, and the hearing proceeded in his absence. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent failed to respond to the motion or to appear before this Court on the return date thereof.

The Referee found that, in four client matters, respondent accepted retainer fees, failed to perform any legal work, made misrepresentations concerning the status of the matters, failed to return the legal files or to refund the unearned fees, and did not inform the clients that he had been suspended. The Referee further found that respondent did not execute a written retainer agreement with a client in a personal injury matter and that he converted the funds paid by the client for expenses related to the litigation. Additionally, the Referee found that respondent failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (d) (22 NYCRR 1200.11 [d])—failing promptly after being employed in a contingent fee matter, to provide the client with a writing stating the method by which the fee is to be determined and, failing upon conclusion of the matter to provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession incident to his practice of law; and

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts.

Additionally, by failing to notify clients of his suspension or to file an affidavit of compliance with the order of this Court entered on December 21, 2007, respondent has violated 22 NYCRR 1022.27.

We have considered, in determining an appropriate sanction, that respondent has continued to engage in a pattern of misconduct that demonstrates a total disregard for his professional obligations. Moreover, his deliberate failure to appear for the hearings in this proceeding and in the prior proceeding, as well as his failure to respond to motions filed by the Grievance Committee or to appear before this Court on the return date thereof, evinces a lack of interest in the proceedings (*see Matter of Carrigan*, 283 AD2d 63, 65-66 [2001]). Accordingly, we conclude that respondent should be disbarred. In addition, we direct respondent to pay restitution to his clients in accordance with the order entered herewith.

MARTOCHE, J.P., FAHEY, GREEN and PINE, JJ., concur.

Order of disbarment entered.