■ In the Matter of ALEXANDER B. PERRY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [920 NYS2d 452]—

Per Curiam. Respondent was admitted to practice by this

Court in 1994. He maintains an office for the practice of law in the City of Troy, Rensselaer County.

After a hearing, the Referee sustained all of the charges set forth in the petition of charges against respondent. Petitioner now moves to confirm the Referee's report. Respondent has not replied to the motion.

We find respondent guilty of professional misconduct with respect to seven client matters as charged and specified.* Respondent neglected five client matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b); attempted to mislead and deceive petitioner with respect to four of the client matters in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), (d) and (h); attempted to mislead and deceive four of the clients as to the status of their matters in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), (d) and (h); failed to communicate with six clients and failed to promptly refund the unearned portion of retainers in violation of Code of Professional Responsibility DR 1-102 (a) (5), DR 2-110, and DR 9-102 (c) (22 NYCRR 1200.3 [a] [5]; 1200.15, 1200.46 [c]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (d), 1.15 (c), and 1.16; with respect to one client, failed to comply with rules governing representation of clients in domestic relations matters in violation of Code of Professional Responsibility DR 2-106 (c) (2) (b) and (f) (22 NYCRR 1200.11 [c] [2] [b]; [f]) (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [5] [ii]; [e]) and 22 NYCRR 1400.2 and 1400.3; and failed to cooperate with petitioner in its investigation of two client complaints in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) (d) and (h).

Respondent is guilty of a serious pattern of client neglect aggravated by his attempts to mislead his clients and petitioner with respect to his handling of the client matters. The pattern is underscored by his prior oral admonition by petitioner for similar misconduct. His failure to respond to petitioner's motion evinces disinterest on his part in his fate as an attorney.

We determine that, under the given circumstances, an appropriate disciplinary sanction in this matter is respondent's

---

* The charged misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

suspension from the practice of law for a period of one year, in order to protect the public, deter similar misconduct and preserve the reputation of the bar.

Rose, J.P., Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective in 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).