[924 NYS2d 863]

In the Matter of THOMAS E. O'BRYAN, a Suspended Attorney, Respondent.

Fourth Department, June 10, 2011

APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas E. O'Bryan*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988. By order entered October 3, 2008, respondent was suspended for a period of six months and until further order of this Court for misconduct that included neglecting client matters, failing to execute written retainer agreements in domestic relations matters, failing to resolve fee disputes by arbitration in civil matters and failing to cooperate with the Grievance Committee (*Matter of O'Bryan*, 55 AD3d 254 [2008]). Respondent has not applied for reinstatement.

The Grievance Committee filed a petition charging respondent with acts of misconduct that occurred prior to his suspension and with failing to comply with the order of suspension. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Respondent failed to appear on the scheduled hearing date, and the hearing proceeded in his absence. The Referee has filed a report, which the Grievance Committee moves to confirm. Respondent failed to respond to the motion and failed to appear before this Court on the return date thereof.

The Referee found that respondent, in his capacity as executor of an estate, failed to account for estate funds in the amount of $51,039.55, and has not repaid the funds to the estate. The Referee further found that respondent neglected the matters of numerous clients, failed to refund unearned fees, failed to inform clients that he had been suspended, failed to execute written retainer agreements and issue itemized billing statements at regular intervals in domestic relations matters, failed to participate in fee dispute arbitration proceedings, and failed to satisfy arbitration awards that were rendered in favor of his clients in those proceedings.

Additionally, the Referee found that, at the time of his suspension, respondent, as attorney of record in two actions for divorce

pending in Supreme Court, failed to provide notice of his suspension to the court. He also failed to take steps to withdraw as counsel in the pending actions and, with respect to one of the actions, failed to respond to inquiries from the court. Finally, the Referee found that, from December 2007 through May 2009, respondent failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve fee disputes in civil matters by arbitration at the election of a client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession incident to his practice of law; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them.

Additionally, by failing to notify clients of his suspension, failing to withdraw from two pending actions in Supreme Court and failing to file an affidavit certifying his compliance with the

order of suspension, respondent has violated 22 NYCRR 1022.27. Finally, by failing to provide clients with itemized billing statements at regular intervals in domestic relations matters, respondent has violated 22 NYCRR part 1400.

We have considered, in determining an appropriate sanction, that respondent has engaged in a pattern of misconduct that demonstrates a total disregard for his professional obligations. Moreover, respondent's failure to appear for the hearing in this proceeding, as well as his failure to respond to the motion filed by the Grievance Committee or to appear before this Court, evinces a lack of interest in these proceedings and in his fate as an attorney (*see Matter of Perry*, 83 AD3d 1198 [2011]; *Matter of Barry*, 69 AD3d 1 [2009]). Accordingly, we conclude that respondent should be disbarred. In addition, we direct respondent to pay restitution and to satisfy fee arbitration awards that have been rendered in favor of his clients in accordance with the order entered herewith.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of disbarment entered.