■ In the Matter of ALEXANDER B. PERRY, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [926 NYS2d 669]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintained an office for the practice of law in the City of Troy, Rensselaer County.

By decision dated April 7, 2011, this Court found respondent guilty of professional misconduct and suspended him from the practice of law for a period of one year (*Matter of Perry*, 83 AD3d 1198 [2011]).

At the time our decision was issued, a supplemental petition of charges was pending against respondent. Respondent has not answered or otherwise replied to the supplemental petition or to petitioner's subsequent motion for a default judgment, both of which were effectively served upon respondent. In support of its motion, petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, we deem respondent to have admitted the charges and we grant petitioner's motion for a default judgment (*see e.g. Matter of Tang*, 55 AD3d 941 [2008]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

With respect to 11 clients, the supplemental petition charges respondent with (1) neglecting four client matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b); (2) neglecting to remit funds to a third party on behalf of a client in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (b) and 1.15 (c) (4); (3) attempting to mislead and deceive three clients as to the status of their matters in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), (d) and (h); (4) refusing to comply with a fee arbitration decision and committing contempt of court in intentionally prejudicing the rights of plaintiffs in a civil action against him in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4), (5) and (7) (22 NYCRR 1200.3 [a] [3], [4], [5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), (c), (d) and (h); (5) collecting excessive fees from two clients in violation of Code of Professional Responsibility DR 2-106 (a) (22 NYCRR 1200.11 [a]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (a); (6) failing to communicate with five of his clients in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4; (7) failing to comply with the rules governing representation of clients in domestic relations matters with respect to one client in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (d) (5) and (e); and (8) failing to cooperate with petitioner in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), (d) and (h).

Since 2003, respondent's professional misconduct has adversely affected some 18 clients. Misconduct continued while a petition of charges was pending against him. Respondent has continued to evince a disinterest in his fate as an attorney by his lack of a substantive response to the instant supplemental petition and petitioner's motion for a default judgment. His misconduct is aggravated by his current one-year suspension and a 2001 oral admonition administered by petitioner, all for similar misconduct. Respondent appears unwilling or unable to discharge his professional obligations to his clients, to petitioner, and to this Court. We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent's very serious pattern of misconduct warrants his disbarment.

Rose, J.P., Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the supplemental petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).