[707 NYS2d 394]

In the Matter of HARVEY H. GILBERT, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, April 4, 2000

**APPEARANCES OF COUNSEL**

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Harvey H. Gilbert*, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Harvey H. Gilbert was admitted to the practice

of law in the State of New York by the First Judicial Department on August 12, 1980. Respondent is also admitted to practice as an attorney and counselor-at-law in the State of New Jersey.

By petition dated October 27, 1999, the Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent for a period of six months predicated upon similar disciplinary action taken by the New Jersey Supreme Court, which suspended him for a period of three months, or, in the alternative, sanctioning respondent as this Court deems appropriate.

By order filed July 2, 1996, the New Jersey Supreme Court reprimanded respondent for violating the New Jersey Rules of Court, Rules of Professional Conduct (NJRPC) 1.1 (a), 1.15 (a) and (d) and 5.3 (a), (b) and (c). The conduct for which respondent was reprimanded was negligent misappropriation of $10,303.23 in client funds, failure to comply with record-keeping rules—including the commingling of personal and trust funds and the deposit of earned fees into the trust account—and failure to properly supervise employees with respect to the maintenance of the firm's business and trust accounts. Respondent failed to inform the Committee of this public reprimand, as required by 22 NYCRR 603.3 (d), with the result that no reciprocal disciplinary order has been sought until now.

By order filed July 16, 1999, the New Jersey Supreme Court suspended respondent from the practice of law in that State for a period of three months, effective August 11, 1999, for failure to deliver funds promptly to a third person, in violation of NJRPC 1.15 (b), and for failure to respect the rights of that third person, in violation of NJRPC 4.4.

Respondent has submitted a verified statement in which he raises none of the defenses specified in 22 NYCRR 603.3, but requests that his New York sanction be limited to the three-month suspension imposed in New Jersey.

## The 1996 Public Reprimand

The New Jersey Office of Attorney Ethics (OAE) commenced a *sua sponte* investigation of respondent and his brother, Stephen C. Gilbert, Esq., after receiving written notice from a bank that respondent's trust account was overdrawn by $37,978.34. The OAE was not satisfied with respondent's written explanation for the overdraft and initiated an audit of his accounts. Based upon respondent's stipulation to the pertinent

facts, waiver of the filing of a formal complaint and admission of the charges against him, the Disciplinary Review Board (DRB) of the New Jersey Supreme Court granted the OAE's motion for discipline on consent, unanimously upholding the agreed-upon sanction of public reprimand.

## The 1999 Suspension

In August 1997, the OAE filed formal charges against respondent, alleging that he failed to deliver funds promptly to a third person and failed to respect the rights of that third person by wrongfully placing a lien on said third person's funds, in violation of NJRPC 1.15 (b) and 4.4, respectively. In his answer, respondent denied the charges, and a hearing was held before a District Ethics Committee (DEC) Hearing Panel on January 29, 1998 in which respondent was represented by counsel. In a report dated March 31, 1998, the DEC sustained both of the charges against respondent and recommended that he be reprimanded. Respondent then appeared with counsel before the DRB which, exercising its de novo review powers, sustained the charges but, in a decision dated December 11, 1998, recommended that respondent be suspended from the practice of law for a period of three months. This decision was sustained by the New Jersey Supreme Court.

The Departmental Disciplinary Committee asserts that respondent has no defense to the petition pursuant to 22 NYCRR 603.3 (c) (2) because the New Jersey Supreme Court's findings are supported by his admissions or the record or both. In his response, respondent does not dispute the factual findings of the New Jersey Supreme Court.

With respect to the July 1996 order, the commingling of trust account funds with personal funds, in violation of NJRPC 1.15 (c), clearly violates Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). Respondent's failure to record certain disbursements from a trust account, in violation of NJRPC 1.15 (d) and rule 1.21-6 of the New Jersey Rules of Court constitutes a violation of DR 9-102 (d) (1). Finally, respondent's negligent misappropriation of client trust funds, in violation of NJRPC 1.15 (a), violates DR 9-102 (a) and (b). Furthermore, by stipulation, respondent admitted that he failed to adequately supervise the record-keeping duties of his firm's lay employees, in violation of NJRPC 5.3 (a), (b) and (c), which constitutes a violation of DR 1-104 (a) (2) as of the time of the misconduct (*see, Matter of Stenstrom*, 194 AD2d 277).

With respect to the 1999 order, the New Jersey Supreme Court's finding that respondent violated NJRPC 1.15 (b) in failing to promptly return the funds of a third person and wrongfully placing a lien on funds belonging to that third person constitutes a violation of DR 9-102 (c) (4). Furthermore, the misconduct prohibited by NJRPC 4.4 is prohibited by DR 7-102 (a) (1) (22 NYCRR 1200.33), which states that, in the representation of a client, a lawyer must not "[f]ile a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

Respondent offers no defense to the Committee's petition for an order pursuant to the doctrine of reciprocal discipline, as set forth in 22 NYCRR 603.3, with respect to the New Jersey Supreme Court's findings in the 1996 and 1999 orders. It is generally accepted that the State where respondent practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (see, Matter of Reiss, 119 AD2d 1, 6). The Committee, however, moves for the more severe sanction of a six-month suspension "in light of the seriousness of the misconduct which resulted in respondent's 1999 suspension, the fact that respondent was not disciplined by this Court for the 1996 reprimand, and respondent's intentional failure to report his 1996 reprimand."

Respondent contends that he believed his 1996 reprimand had been reported to the New York authorities and has expressed remorse for his conduct. He requests that the sanction imposed by this Court be limited to the three-month suspension imposed in New Jersey and that it be imposed nunc pro tunc as of August 11, 1999.

While a reciprocal sanction is usually imposed, it would be inappropriate under the circumstances of this case in view of respondent's failure to notify New York of his New Jersey reprimand in violation of 22 NYCRR 603.3 (d). A longer suspension is further warranted because the New Jersey reprimand was never subject to reciprocal disciplinary action in this State.

Accordingly, the petition should be granted and respondent should be suspended from the practice of law for a period of six months, effective immediately.

SULLIVAN, P. J., NARDELLI, RUBIN, ANDRIAS and FRIEDMAN, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof.