Matter of Blum (2018 NY Slip Op 01299)





Matter of Blum


2018 NY Slip Op 01299


Decided on February 27, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Richard T. Andrias
Judith J. Gische
Troy K. Webber
Peter H. Moulton,Justices.


M-4489

[*1]In the Matter of Jeffrey Michael Blum, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey Michael Blum, (OCA Atty. Reg. No. 1722719), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jeffrey Michael Blum, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 4, 1981.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Lance E. Philadelphia, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Jeffrey Michael Blum was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1981. At all relevant times, respondent has maintained a registered address in Kentucky, where he resides and is admitted to the practice of law.
The instant matter arises from respondent's representation of a client whose employment as a Kentucky public school teacher was terminated based on findings of misconduct made by an administrative tribunal. In 2005, the teacher, represented by respondent, commenced an action under 42 USC § 1983 in the United States District Court for the Eastern District of Kentucky against the school principal, an attorney for the school board, the superintendent of the school system, and the presiding officer at the final administrative hearing on the charges against the teacher. The district court dismissed the complaint as time-barred and, upon its own motion, imposed sanctions on respondent personally pursuant to 28 USC § 1927, based on findings that, in spite of prior warnings by the court, he had repeatedly filed papers advancing specious legal claims, using inappropriate language, and/or engaging in personal attacks. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed both the dismissal of the complaint and the imposition of sanctions on respondent (Dixon v Clem, 492 F3d 665 [6th Cir 2006]).
Based on his conduct in Dixon, as found by the federal courts, the Kentucky Bar Association brought disciplinary charges against respondent. The Kentucky disciplinary proceedings culminated in April 2013 with a decision by the Supreme Court of Kentucky that affirmed three findings of misconduct against respondent and imposed on him a suspension from the practice of law of 181 days (Kentucky Bar Assn. v Blum, 404 SW3d 841 [Ky 2013], cert denied sub nom Blum v Kentucky Bar Assn., __ US __, 134 S Ct 1952 [2014]). The Kentucky Supreme Court affirmed the following findings of misconduct: (1) that respondent had improperly threatened to advance disciplinary charges against opposing counsel in the federal litigation in order to gain advantage in a civil matter, in violation of Kentucky Supreme Court Rule 3.130-3.4(f); (2) that respondent had engaged in conduct intended to disrupt a tribunal, in violation of Kentucky Supreme Court Rule 3.130-3.5(c); and (3) that respondent, without basis, had repeatedly impugned the personal integrity of the administrative hearing officer his client was suing in the federal litigation, in violation of Kentucky Supreme Court Rule 3.130-8.2(a), which prohibits an attorney to make false statements concerning the integrity of an adjudicatory officer.
Now before us is a motion by the Attorney Grievance Committee seeking an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, imposing reciprocal discipline upon respondent in New York. Respondent opposes the motion and, pursuant to 22 NYCRR 1240.13(b), asserts defenses to reciprocal discipline. The Committee advises that its motion has been delayed by respondent's failure to abide by his obligation, under former 22 NYCRR 603.3(d) and current 22 NYCRR 1240.13(d), to inform the Committee promptly of the discipline imposed on him in Kentucky in 2013.
Upon a motion seeking the imposition of reciprocal discipline under 22 NYCRR 1240.13(b), the only cognizable defenses are: (1) a lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; and (3) a contention that the conduct for which discipline was imposed in the foreign jurisdiction would not constitute misconduct in this state (see Matter of Hoffman, 34 AD3d 1 [2006]). Respondent raises two of these defenses - an infirmity of proof and lack of notice and opportunity to be heard in the Kentucky proceeding. Notably, he does not dispute the Committee's contention that the conduct for which he was disciplined in Kentucky also would have constituted disciplinary offenses in New York under the former Disciplinary Rules, which were in effect at the relevant time. Specifically, the Committee notes that the conduct for which respondent was disciplined in Kentucky would have violated the following former Disciplinary Rules: (1) DR 1-102(a)(5) (22 NYCRR 1200.3[a][5]) (prohibiting conduct prejudicial to the administration of justice); (2) former DR 7-102(a)(1) (22 NYCRR 1200.33[a][1]) (prohibiting filing a suit, asserting a position, conducting a defense, delaying a trial, or taking other action on behalf of a client when the lawyer knows, or when it is obvious, that such action would serve merely to harass or maliciously injure another); (3) former DR 7-106(c)(6) (22 NYCRR 1200.37[c][6]) (prohibiting undignified or discourteous conduct that is degrading to a tribunal); and (4) former DR 8-102(b) (22 NYCRR 1200.43[b]) (prohibiting making knowingly false accusations against a judge or other adjudicatory officer).
With regard to respondent's defense that there was a lack of notice or opportunity for him [*2]to be heard in the Kentucky proceedings, he argues that the charges filed against him did not allege with specificity the disciplinary rule violated by each of his offending statements and actions. Respondent raised this argument before the Kentucky Supreme Court, which rejected it. Moreover, the record shows that respondent appeared pro se at the disciplinary proceeding before a trial commissioner of the Kentucky Bar Association, at which he actively defended himself, and then pursued appeals to the Association's Board of Governors and, ultimately, to the Kentucky Supreme Court. Accordingly, we are satisfied that respondent received notice and an opportunity to be heard in the Kentucky disciplinary proceedings, consistent with the requirements of due process.
With regard to respondent's defense of infirmity of proof, he argues that the Kentucky court provided insufficient evidence to support its finding that discipline should be imposed. However, the record relied on by the Kentucky Supreme Court, which includes respondent's filings in Dixon, and that court's detailed discussion of the evidence against respondent in its decision imposing discipline, demonstrate that the findings of misconduct against respondent in Kentucky were based on sufficient evidence.
Having rejected respondent's defenses to the imposition of reciprocal discipline, the sole issue remaining is the determination of the appropriate sanction. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Here, a six-month suspension, the equivalent of the 181-day suspension imposed in Kentucky, is in general accord with our precedent involving similar misconduct (see e.g. Matter of Sondel, 111 AD3d 168, [1st Dept 2013]). Accordingly, the imposition of the same sanction imposed by the Kentucky Supreme Court is in order here, and respondent should be suspended from the practice of law in New York, prospectively, for six months. In addition, respondent, in violation of former 22 NYCRR 603.3(d), waited nearly three years before finally, in December 2015, notifying the Committee of the discipline imposed by the Kentucky Supreme Court in April 2013, and he provided such notice only after an adversary in litigation in Supreme Court, New York County, brought the Kentucky discipline to the attention of the court, which thereupon directed respondent to notify the Committee. We note that a suspension retroactive to the date of respondent's suspension in Kentucky would be inappropriate in light of respondent's failure to give this state's disciplinary authorities prompt notice of the Kentucky discipline (see Matter of Gilbert, 268 AD2d 67, 70 [1st Dept 2000]).
Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and suspending respondent from the practice of law in the State of New York for a period of six months, effective March 29, 2018, and until further order of this Court.
All concur.
Order filed. [February 27, 2018]
Motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and respondent is suspended from the practice of law in the State of New York for a period of six months, effective March 29, 2018, and until further order of this Court. Opinion Per Curiam. All concur.