Matter of Osterbye (2025 NY Slip Op 03254)

Matter of Osterbye

2025 NY Slip Op 03254

Decided on May 29, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice

Motion No. 2024-06253|Case No. 2024-07678|

[*1]In the Matter of Raymond Charles Osterbye an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Raymond Charles Osterbye (OCA Atty Reg. 4092706), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Raymond Charles Osterbye, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 18, 2002.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Diana Neyman, of counsel), for petitioner
Respondent, pro se.

Motion No. 2024-06253 — March 10, 2025
In the Matter of Raymond Charles Osterbye, an attorney
Per Curiam
Respondent Raymond C. Osterbye was admitted to the practice of law in the State of New York by the First Judicial Department on November 18, 2002, under the name Raymond Charles Osterbye. This Court retains continuing jurisdiction over petitioner as the admitting Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] 1240.7[a][2]).
Respondent was issued two public reprimands in New Jersey in 2020 and 2022. He did not report them to this Court or the Attorney Grievance Committee (AGC) as required by 22 NYCRR 1240.13(d).
On July 30, 2020, the Supreme Court of New Jersey (NJ Court) granted a motion for discipline by consent (Matter of Osterbye, 243 NJ 340, 234 A3d 1240 [2020]), and issued respondent a public reprimand for having violated, inter alia, NJ RPC 1.15(a)(negligent misappropriation of client funds, commingling); NJ RPC 1.15(b)(failure to properly disburse funds to a client or third party); NJ RPC 1.15(d)(failure to comply with the recordkeeping provisions of NJ Court Rule 1:21-6); and NJ RPC 8.1(b)(failure to cooperate with disciplinary authorities). Respondent was ordered to practice under the supervision of a practicing attorney approved by the New Jersey Office of Attorney Ethics (OAE) until further order of the court, to provide to OAE monthly reconciliations of his attorney accounts on a quarterly basis until further order of the court, and to complete a course in trust and business accounting approved by OAE.
On August 4, 2020, OAE sought to confirm respondent's compliance with the NJ Court order by requiring respondent to submit the name of his proposed supervising attorney within two weeks. Respondent was also required to submit his first quarterly reconciliation by November 30, 2020. After respondent failed to cooperate with OAE's requests, in December 2021, OAE filed a petition to compel respondent's compliance with the 2020 NJ Court order and sought respondent's temporary suspension due to his prolonged failure to cooperate.
In July 2022 following a decision by the Disciplinary Review Board of the Supreme Court of New Jersey (DRB), the NJ Court again publicly reprimanded respondent, this time on default, for violation of NJ RPC 1.5(b) (failure to set forth in writing the basis or rate of the attorney's fee) and NJ RPC 8.1(b) (Matter of Osterbye, 2022 NJ LEXIS 659 [2022]). The NJ Court ordered respondent to, among other things, continue to comply with the conditions [*2]of the 2020 NJ Court order. DRB reported that respondent was ordered to provide OAE with the name of a supervising attorney and all outstanding financial documents and required records by September 1, 2022. When Respondent failed to comply despite OAE's efforts, OAE filed a formal ethics complaint in June 2023 charging respondent with violation of NJ RPC 1.15(d) and NJ RPC 8.1(b).
DRB approved and certified the record filed by OAE in February 2024 and determined that the six-month suspension recommended by OAE, with conditions precedent to his reinstatement, was the appropriate discipline considering respondent's disciplinary history and lack of cooperation. OAE noted that respondent "failed to learn from his past mistakes or to use his experiences with the disciplinary system as a foundation for reform." The NJ Court so-ordered the DRB decision on July 11, 2024, and respondent was suspended from the practice of law in New Jersey for six months, effective August 21, 2024 (Matter of Osterbye, 258 NJ 179, 317 A3d 1258 [2024]).
Respondent was also suspended in New York for failure to register, in violation of Judiciary Law 468-a on November 17, 2022 (Matter of Attorneys in Violation of Judiciary Law 468-a, 211 AD3d 65 [1st Dept 2022]). Respondent was reinstated by this Court on September 19, 2024.
AGC now moves for an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and imposing a one year suspension, or issuing such discipline as the Court deems just and proper.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (See Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Respondent has no defense under 22 NYCRR 1240.13(b) as he was on notice of the misconduct allegations at issue and either consented to discipline or defaulted. Further, respondent's repeated violations of NJ RPC 1.15(d) and NJ RPC 8.1(b) would also constitute misconduct under the New York Rules of Professional Conduct (22 NYCRR) 1200.0 rule 1.15(d)(2) (maintain accurate bookkeeping records) and rule 8.4(d) (conduct prejudicial to the administration of justice).
Respondent argues, among other things, that his discipline in New Jersey was due to his failure to comply with record requests during an audit while he operated a small law office. He acknowledges that he lacked proper organization and training in handling documents but insists his delay was not [*3]willful. Moreover, he asserts that he was not disciplined for defrauding or otherwise harming clients. With respect to his failure to timely inform AGC about his public reprimands, respondent states that he did not know that he needed to inform AGC "of every single allegation." He further states that he notified AGC of his suspension in August 2024 and that if he had received a meaningful response, he "would have fully divulged all past cases." He also notes that had he been asked to list his previous reprimands, he would have done so. As to the proposed sanction, he argues that his New Jersey suspension is punishment enough and a severe hardship in that his sole source of income comes from the supervised temporary legal work he currently performs. Respondent proposes not to practice any law in New York outside of said legal work while he is suspended in New Jersey and argues that the motion should be held in abeyance for a year until he can regain his New Jersey license.
AGC argues that an upward departure to a one-year suspension is appropriate in this matter. AGC points to respondent's two prior public reprimands of which respondent never apprised AGC or the Court, and his prior suspension in New York. AGC further argues that respondent minimizes his conduct and fails to acknowledge that from 2016 until his suspension in 2024, he "evaded, disregarded, and misled the OAE in its efforts to investigate respondent's unethical conduct and disregarded NJ court orders." AGC further argues that respondent blames AGC and/or this Court for not asking him about his prior disciplinary sanctions.
The Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Although the NJ Court imposed a six-month suspension, an upward departure to one year is the appropriate discipline in this matter. In addition to the aggravating factors considered by OAE in making its recommendation to DRB, respondent twice failed to report his prior reprimands as required by 22 NYCRR 1240.13(d) and, as a result, those reprimands were never the subject of reciprocal disciplinary action in New York.
This Court has directed greater sanctions than those imposed by the other state where an attorney fails to timely notify AGC of discipline in a foreign jurisdiction. In Matter of Gilbert (268 AD2d 67 [1st Dept 2000]), this Court imposed a greater sanction in a reciprocal discipline proceeding in light of the attorney's failure to report a prior New Jersey reprimand. Specifically[*4], after issuing a reprimand in 1996, the NJ Court suspended Gilbert for three months in 1999 for failure to return third-party funds and wrongfully placing a lien on third-party funds. In imposing a six-month suspension, this Court noted that "[w]hile a reciprocal sanction is usually imposed, it would be inappropriate under the circumstances of this case in view of respondent's failure to notify New York of his New Jersey reprimand in violation of 22 NYCRR 603.3(d).[FN1] A longer suspension is further warranted because the New Jersey reprimand was never subject to reciprocal disciplinary action in this State" (id. at 70). The same rationale applies here.
Accordingly, AGC's motion for reciprocal discipline should be granted and respondent suspended for a period of one year, effective 30 days from the date of the order, and until further order of this Court. Respondent's informal request for an agreement delaying the imposition of discipline until he is reinstated in New Jersey should be denied.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, respondent Raymond Charles Osterbye is suspended from the practice of law for a period of for one year, effective 30 days from the date of the order, and until further order of this Court, and respondent's informal request for an agreement delaying the imposition of discipline until he is reinstated in New Jersey is denied; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Raymond Charles Osterbye, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Raymond Charles Osterbye, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Raymond Charles Osterbye, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 29, 2025

Footnotes

Footnote 1: The reporting requirement of 22 NYCRR § 603.3(d) is now codified as 22 NYCRR § 1240.13(d).